Gregory M. George, ISB #9937
1900 Northwest Boulevard, Suite 200
Coeur d'Alene, ID 83814
Telephone: 208-664-4700
greg@bristolgeorge.com
*Attorney for Defendants*
*Scott and Shari Livingston*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WARREN HEIT AND DEB HEIT, | Case No. 2:23-cv-00507-BLW |
| Plaintiffs, | |
| v. | **DEFENDANTS' MOTION TO DISMISS** |
| SCOTT LIVINGSTON AND SHARI LIVINGSTON, | **Fed. R. Civ. P. 12(b)(1)**<br>**Fed. R. Civ. P. 12(b)(6)** |
| Defendants. | |

      Defendants SCOTT LIVINGSTON and SHARI LIVINGSTON, husband and wife ("Defendants" or "Livingstons"), by and through undersigned counsel, hereby move to dismiss Counts I, IV, and V of Plaintiffs' Complaint in their entirety, and Counts II and III in part, under F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6). This Motion is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument the Court may consider at a hearing on this Motion.

/ / / / / / /

**DEFENDANTS' MOTION TO DISMISS**

1

DATE: December 19, 2023.                BRISTOL GEORGE

                                        */s/Gregory M. George*_____
                                        By: Gregory M. George, ISB No. 9937
                                        *Attorney for Defendants*

**DEFENDANTS' MOTION TO DISMISS**

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I.      INTRODUCTION/FACTUAL BACKGROUND

This case arises from a dispute between neighboring property owners concerning a shared tram both owners use to access their properties (the "Shared Tram") and a Joint Use and Maintenance Agreement governing the rights and obligations of the owners vis a vis the Shared Tram (designated in Plaintiffs' Complaint and in this Memorandum as the "Easement"). Without admitting or denying any of the allegations in Plaintiffs' Complaint, this Memorandum shall assume the version of the facts alleged in the complaint are accurate.

As pleaded by Plaintiffs, the Easement was entered into in 2012 by Plaintiffs and Defendants' predecessor in interest. The Easement governed the shared expenses in building, maintaining and replacing the Shared Tram when necessary. The Shared Tram is entirely on Plaintiff's property, and the Easement grants Defendants the right to access part of Plaintiffs' property to use the tram. *Complaint*, ¶¶ 10-13, Ex. A.

In October of 2023, Defendants informed Plaintiffs that they planned to construct a tram for their exclusive use on their own property. Defendants stated that they would continue to abide by the cost-sharing provisions of the Easement until their own tram was completed, upon which time they would record a Notice of Termination of their interest in the Easement. Once the Notice of Termination was recorded, Defendants would make no further use of the Shared Tram nor contribute to the costs of maintaining it. *Complaint*, ¶¶ 28-31.

Plaintiffs filed suit against Defendants the following month. Plaintiffs' Complaint seeks, among other causes of action, a decree that the Easement be specifically enforced against Defendants in perpetuity and that the Court issue an injunction forbidding Defendants from ever terminating the Easement. *Complaint*, ¶¶ 34-40 & 58-61.

/ / / / / / /

**DEFENDANTS' MOTION TO DISMISS**

## II. ARGUMENT

### A. Legal Standard

A party may, by motion, assert as a defense to a cause of action that the cause fails to state a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6). A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of the complaint to determine whether there is a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). For the reasons detailed below, certain claims in the Complaint are unsupported by a cognizable legal theory or are unripe for adjudication, and the Court should therefore dismiss those claims.

For purposes of a Rule 12(b)(6) motion, all allegations of material fact in the complaint are taken as true. *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 938 (9th Cir. 2023). Such a motion should be granted if the complaint fails to articulate "enough facts to state a claim to relief that is plausible on its face." *Starz Entertainment, LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236, 1239 (9th Cir. 2022), quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions in the complaint are not assumed to be true, even if they are couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Typically the Court may not consider any materials beyond the complaint when ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If the court considers evidence outside the pleadings, it must convert a Rule 12(b)(6) motion into a motion for summary judgment. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

A motion to dismiss on the grounds of ripeness or mootness implicates the plaintiff's standing and is analyzed under F.R.C.P. 12(b)(1). *Hecox v. Little*, 479 F.Supp.3d 930, 958 (D. Idaho 2020), citing *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362–63 (1st Cir. 2001).

**B. Count I of the Complaint Should Be Dismissed under F.R.C.P. 12(b)(6) Because Specific Performance is Not Available as a Remedy for Contracts with No Fixed Duration, such as the Easement.**

This is a diversity-jurisdiction case filed in Idaho. Therefore, Idaho substantive law applies to the interpretation and enforcement of the Easement at issue, which Plaintiffs attached to their Complaint as Exhibit A. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Idaho law, specific performance is not available as a remedy to enforce a contract that requires performance over a period of multiple years. *Suchan v. Rutherford*, 90 Idaho 288, 298, 410 P.2d 434, 440 (1966). In *Suchan*, the Idaho Supreme Court stated

> It is a settled principle that a court of equity will ordinarily decree specific performance only when it can dispose of the matter in controversy by a decree capable of present performance; it will not decree a party to perform a continuous series of acts extending through a long period of time.

*Id.*, citing 81 C.J.S. *Specific Performance*. Perhaps the classic example of a contract for which courts can order specific performance is a real estate purchase-and-sale agreement. *Fullerton v. Griswold*, 142 Idaho 820, 823, 136 P.3d 291, 294 (2006). In real estate purchase-and-sale agreements, there is a date certain by which the parties must perform by closing on the contract. If a seller fails to close the sale, the buyer can call upon a court to issue a decree capable of present performance—namely, an order that the seller specifically perform by closing the sale.

This principle, however, loses its application when a contract has no fixed duration. In that scenario, specific performance is an improper remedy because "the case must remain in court forever, and the court to the end of time may be called upon to determine" when a breach of the contract is occurring. *Rutland Marble Co. v. Ripley*, 77 U.S. 339, 358-59 (1870).

**DEFENDANTS' MOTION TO DISMISS**

5

The Easement of which Plaintiffs seek specific performance has no fixed date of completion. It is an agreement to continuously use, maintain, and replace the Shared Tram whenever necessary. *Complaint*, Ex. A. By seeking specific performance of the Easement, Plaintiffs request that the court order Defendants to abide by all terms of the Easement in perpetuity. At any time that Plaintiffs felt Defendants were not abiding by the Easement, the court would once again have to be called upon to ensure whether a breach has occurred. As a matter of law, therefore, specific performance is not an obtainable remedy for breach of the Easement. The Court should dismiss Count I of Plaintiffs' Complaint because it fails to state a claim upon which relief can be granted.

### C. Count IV of the Complaint Is Not Ripe for Adjudication and Should Be Dismissed under F.R.C.P. 12(b)(1).

Paragraphs 55 and 56 of the Complaint allege that "upon information and belief" the Livingstons cannot construct a separate tram on their own property without trespassing on Plaintiffs' property or the setbacks associated therewith. Plaintiffs seek an injunctive relief barring the Livingstons from building such a tram. Because this claim is not ripe, the Court should dismiss it under F.R.C.P. 12(b)(1).

Ripeness is a corollary to the requirement of standing. *Knapp v. City of Coeur d'Alene*, 172 F.Supp.3d 1118, 1130 (D. Idaho 2016). "Indeed, ripeness can be understood as standing on a timeline." *Id.*, citing *Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). Courts consider two factors in determining whether a case is ripe: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties stemming from the withholding of court consideration. *Knapp*, 172 F.Supp.3d at 1130, citing *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179 (9th Cir. 2010). A claim is not ripe where it "relies on future potential

**DEFENDANTS' MOTION TO DISMISS**

6

speculative events that may or may not occur." *Ace Black Ranches, LLP v. U.S. Envtl. Prot. Agency*, 583 F.Supp.3d 1313, 1331 (D. Idaho 2022).

That is exactly the situation here. Plaintiffs' Complaint pleads that if the Livingstons construct a tram, the tram may, "upon information and belief," trespass upon the Plaintiffs' property or setbacks. *Complaint*, ¶¶ 55-56. Plaintiffs do not allege that the Livingstons have constructed a tram or that a tram trespasses upon their property. Plaintiffs do not know that the Livingstons' tram would in fact trespass on their property or any setbacks.[1] The tram has not been built. The alleged "trespass" does not exist and may never exist. The "trespass" of the tram is a future potential speculative event that may or may not occur.

Plaintiffs simply speculate that if the Livingstons construct a tram, the tram may trespass on their property or their setbacks. On that basis, Plaintiffs request that this Court order the Livingstons not to construct such a tram. But Plaintiffs' conjecture about potential future events does not create a justiciable dispute. Count IV of the Complaint is not ripe for adjudication and should be dismissed under F.R.C.P. 12(b)(1).

**D. Count V of the Complaint Should Be Dismissed under F.R.C.P. 12(b)(6) Because Idaho Law Does Not Warrant an Injunction against Terminating the Easement.**

Count V of Plaintiffs' Complaint seeks an injunction that forbids Defendants from ever terminating the Easement. This request runs afoul of Idaho law. To begin with, Plaintiffs acknowledge that the Livingstons own the dominant estate to the Easement. *Complaint*, ¶ 12. Idaho easement law allows the Livingstons to terminate the easement from which they benefit, so long as they do so through "an unequivocal and intentional act to abandon" the easement. *Hawkins v. Bonneville Cnty. Bd. of Commissioners*, 151 Idaho 228, 234, 254 P.3d 1224, 1230 (2011). The

---

[1] Notably, the letter from the Livingstons' counsel attached as Exhibit B to the Complaint states the tram will be located entirely on the Livingstons' property.

**DEFENDANTS' MOTION TO DISMISS**

7

dominant owner may abandon an easement from which he/she benefits. The servient estate owner has no legal right to compel the dominant owner to continue using an easement against the dominant owner's wishes.

More generally, waiver is "a voluntary, intentional relinquishment of a known right or advantage." *Eagle Springs Homeowners Ass'n, Inc. v. Rodina*, 165 Idaho 862, 870-71, 454 P.3d 504, 512-13 (2019), quoting *Pocatello Hosp. v. Quail Ridge Med. Inv., LLC*, 156 Idaho 709, 719, 330 P.3d 1067, 1077 (2014).

Here, the Livingstons are the holders of a property right—specifically, an easement over the Plaintiffs' property. The Livingstons may voluntarily waive or abandon that right and, by extension, the obligations associated with that right. Upon doing so, the Livingstons would no longer be entitled to use the Plaintiffs' property, nor would they be liable for continuing maintenance of the shared tram. There is no legal basis for Plaintiffs to trap the Livingstons into the Easement against the Livingstons' wishes.

The Court should therefore dismiss Count V of the Complaint. For the same reasons, the Court should also dismiss Counts II and III of the Complaint under Rule 12(b)(6) to the extent those counts allege breach or anticipatory breach based on the Livingstons' alleged intention to "unilaterally terminate the Easement." The Livingstons have the legal right to terminate the Easement, and by doing so would give the Plaintiffs no valid cause of action.

Count V of the Complaint also fails in another way to state a claim. When an injunction is sought to prevent breach of a contract, it is treated as a request for specific performance. *Shakey's Inc. v. Martin*, 91 Idaho 758, 766, 430 P.2d 504, 512 (1967); *Drong v. Coulthard*, 87 Idaho 486, 496, 394 P.2d 283, 289 (1964), quoting *Dutch Maid Bakeries v. Schleicher*, 58 Wyo. 374, 131 P.2d 630 (1942) ("A court, in granting or refusing an injunction to require a promisor to [not breach

**DEFENDANTS' MOTION TO DISMISS**

a contract], exercises a discretion controlled by the same equitable principles that apply in an action for specific performance"). Because specific performance is not available as a remedy to enforce the Easement, an injunction against breaching it is also not an obtainable remedy. The Court should dismiss Count V of the Complaint under F.R.C.P. 12(b)(6).

## CONCLUSION

For the reasons detailed above, the Livingstons respectfully request that this Court dismiss Counts I and V of Plaintiffs' Complaint in their entirety under F.R.C.P. 12(b)(6). The Livingstons also request that this Court dismiss Counts II and III of the Complaint under F.R.C.P. 12(b)(6) to the extent those claims allege breach or anticipatory breach based on the Livingstons' alleged intention to "unilaterally terminate the Easement," which the Livingstons are entitled to do under Idaho law. Finally, the Livingstons request that this Court dismiss Count IV of Plaintiffs' Complaint under F.R.C.P. 12(b)(1) as unripe.

DATE: December 19, 2023.

BRISTOL GEORGE

*/s/Gregory M. George*
By: Gregory M. George, ISB No. 9937
Attorney for Defendants

**DEFENDANTS' MOTION TO DISMISS**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Warren S. Heit
Defendant, In Pro Per
And Counsel for Deb Heit
warrenheit@yahoo.com

                                                  /s/Gregory M. George
                                                  Gregory M. George