Gregory M. George, ISB #9937
1900 Northwest Boulevard, Suite 200
Coeur d'Alene, ID 83814
Telephone: 208-664-4700
greg@bristolgeorge.com
*Attorney for Defendants*
*Scott and Shari Livingston*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WARREN HEIT AND DEB HEIT,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT LIVINGSTON AND SHARI LIVINGSTON,<br><br>Defendants. | Case No. 23-CV-0507-BLW<br><br>**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [Dkt. 8]**<br><br>**Fed. R. Civ. P. 12(b)(1)**<br>**Fed. R. Civ. P. 12(b)(6)** |

Defendants SCOTT LIVINGSTON and SHARI LIVINGSTON, husband and wife ("Defendants" or "Livingstons"), by and through undersigned counsel, hereby move to dismiss Plaintiffs' First Amended Complaint [Dkt. 8] as follows:

1. Counts I and VI of the First Amended Complaint in their entirety under F.R.C.P. 12(b)(6);

2. Counts II and III of the First Amended Complaint under F.R.C.P. 12(b)(6) to the extent those counts allege breach of contract or anticipatory breach of contract based on the Livingstons' alleged intent to "unilaterally terminate the Easement"; and

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1

3. Count V of the First Amended Complaint in its entirety under F.R.C.P. 12(b)(1) as being unripe for adjudication.

This Motion is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument the Court may consider at a hearing on this Motion.

DATE: January 18, 2024.                BRISTOL GEORGE

/s/Gregory M. George
By: Gregory M. George, ISB No. 9937
*Attorney for Defendants*

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION/FACTUAL BACKGROUND**

The relevant factual background for this motion was summarized in the Livingstons' Motion to Dismiss Plaintiffs' original Complaint. That Motion to Dismiss was Dkt. 5; Plaintiffs' original Complaint is Dkt. 1. As set forth in that Motion to Dismiss, this litigation centers on the "Joint Use and Maintenance Agreement" attached as <u>Exhibit A</u> to both the original Complaint and the First Amended Complaint. This Joint Use and Maintenance Agreement is referred to herein as the "Easement."

In response to Defendants' Motion to Dismiss, Plaintiffs filed a First Amended Complaint [Dkt. 8] on January 4, 2024. On that same date, Plaintiffs filed an Opposition to Motion to Dismiss [Dkt. 9] contending that Defendants' Motion to Dismiss the original Complaint is now moot. Yet while Plaintiffs have filed a First Amended Complaint, their First Amended Complaint suffers from the same legal deficiencies as their original Complaint. Indeed, the First Amended Complaint simply reiterates many of the claims the Livingstons previously requested this Court dismiss. For the reasons detailed below (which were also discussed in the Livingstons' Motion to Dismiss the original Complaint), the Court should dismiss Plaintiffs' First Amended Complaint as requested in this Motion.

II.     **ARGUMENT**

A.    <u>**Legal Standard**</u>

A party may, by motion, assert as a defense to a cause of action that the cause fails to state a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6). A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of the complaint to determine whether there is a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). For

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

the reasons detailed below, certain claims in the First Amended Complaint are unsupported by a cognizable legal theory or are unripe for adjudication, and the Court should therefore dismiss those claims.

For purposes of a Rule 12(b)(6) motion, all allegations of material fact in the complaint are taken as true. *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 938 (9th Cir. 2023). Such a motion should be granted if the complaint fails to articulate "enough facts to state a claim to relief that is plausible on its face." *Starz Entertainment, LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236, 1239 (9th Cir. 2022), quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions in the complaint are not assumed to be true, even if they are couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Typically the Court may not consider any materials beyond the complaint when ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If the court considers evidence outside the pleadings, it must convert a Rule 12(b)(6) motion into a motion for summary judgment. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

A motion to dismiss on the grounds of ripeness or mootness implicates the plaintiff's standing and is analyzed under F.R.C.P. 12(b)(1). *Hecox v. Little*, 479 F.Supp.3d 930, 958 (D. Idaho 2020), citing *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362–63 (1st Cir. 2001).

/ / / / / / /

/ / / / / / /

/ / / / / / /

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**B. Count I of the First Amended Complaint Should Be Dismissed under F.R.C.P. 12(b)(6) Because Specific Performance is Not Available as a Remedy for Contracts with No Fixed Duration, such as the Easement.**

This is a diversity-jurisdiction case filed in Idaho. Therefore, Idaho substantive law applies to the interpretation and enforcement of the Easement at issue, which Plaintiffs attached to their Complaint as Exhibit A. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Idaho law, specific performance is not available as a remedy to enforce a contract that requires performance over a period of multiple years. *Suchan v. Rutherford*, 90 Idaho 288, 298, 410 P.2d 434, 440 (1966). In *Suchan*, the Idaho Supreme Court stated

> It is a settled principle that a court of equity will ordinarily decree specific performance only when it can dispose of the matter in controversy by a decree capable of present performance; it will not decree a party to perform a continuous series of acts extending through a long period of time.

*Id.*, citing 81 C.J.S. *Specific Performance*. Perhaps the classic example of a contract for which courts can order specific performance is a real estate purchase-and-sale agreement. *Fullerton v. Griswold*, 142 Idaho 820, 823, 136 P.3d 291, 294 (2006). In real estate purchase-and-sale agreements, there is a date certain by which the parties must perform by closing on the contract. If a seller fails to close the sale, the buyer can call upon a court to issue a decree capable of present performance—namely, an order that the seller specifically perform by closing the sale.

This principle, however, loses its application when a contract has no fixed duration. In that scenario, specific performance is an improper remedy because "the case must remain in court forever, and the court to the end of time may be called upon to determine" when a breach of the contract is occurring. *Rutland Marble Co. v. Ripley*, 77 U.S. 339, 358-59 (1870).

The Easement of which Plaintiffs seek specific performance has no fixed date of completion. It is an agreement to continuously use, maintain, and replace the Shared Tram whenever necessary. *First Amended Complaint*, Ex. A. By seeking specific performance of the

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Easement, Plaintiffs request that the court order Defendants to abide by all terms of the Easement in perpetuity. At any time that Plaintiffs felt Defendants were not abiding by the Easement, the court would once again have to be called upon to ensure whether a breach has occurred. As a matter of law, therefore, specific performance is not an obtainable remedy for breach of the Easement. The Court should dismiss Count I of Plaintiffs' First Amended Complaint because it fails to state a claim upon which relief can be granted.

### C. Count V of the First Amended Complaint Is Not Ripe for Adjudication and Should Be Dismissed under F.R.C.P. 12(b)(1).

Paragraph 59 of the First Amended Complaint alleges that "[t]he Defendants are not able to construct a separate tram without trespassing upon the Plaintiffs' property and/or the setbacks associated therewith." Plaintiffs seek an injunctive relief barring the Livingstons from building such a tram. Because this claim is not ripe, the Court should dismiss it under F.R.C.P. 12(b)(1).

Ripeness is a corollary to the requirement of standing. *Knapp v. City of Coeur d'Alene*, 172 F.Supp.3d 1118, 1130 (D. Idaho 2016). "Indeed, ripeness can be understood as standing on a timeline." *Id.*, citing *Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). Courts consider two factors in determining whether a case is ripe: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties stemming from the withholding of court consideration. *Knapp*, 172 F.Supp.3d at 1130, citing *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179 (9th Cir. 2010). A claim is not ripe where it "relies on future potential speculative events that may or may not occur." *Ace Black Ranches, LLP v. U.S. Envtl. Prot. Agency*, 583 F.Supp.3d 1313, 1331 (D. Idaho 2022).

That is exactly the situation here. Plaintiffs' First Amended Complaint pleads that if the Livingstons construct a tram, the tram will trespass upon the Plaintiffs' property or setbacks. *First Amended Complaint*, ¶¶ 59, 61. Plaintiffs do not allege that the Livingstons have constructed a

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

6

tram or that a tram trespasses upon their property. Plaintiffs do not know that the Livingstons' tram would in fact trespass on their property or any setbacks.[1] The tram has not been built. The alleged "trespass" does not exist and may never exist. The "trespass" of the tram is a future potential speculative event that may or may not occur.

Plaintiffs simply speculate that if the Livingstons construct a tram, the tram may trespass on their property or their setbacks. On that basis, Plaintiffs request that this Court order the Livingstons not to construct such a tram. But Plaintiffs' conjecture about potential future events does not create a justiciable dispute.

Similarly, paragraph 60 of the First Amended Complaint alleges that "[t]he Defendants stated they plan to remove the electrical panel for the Shared Tram. The Defendants' removal of the electrical panel for the Shared Tram will disturb the Shared Tram." The First Amended Complaint does not include any allegation that the Defendants actually have removed the electrical panel or that such removal actually has "disturb[ed]" the Shared Tram. These allegations do not create a claim that is ripe for adjudication. What is more, the letter attached as Exhibit B to the First Amended Complaint does not state that the Livingstons plan to remove the electrical panel for the Shared Tram. The letter simply requests that the Plaintiffs remove the electrical panel once the Livingstons begin constructing their own tram.

For these reasons, Count V of the First Amended Complaint is not ripe for adjudication and should be dismissed under F.R.C.P. 12(b)(1).

/ / / / / / /

/ / / / / / /

/ / / / / / /

---

[1] Notably, the letter from the Livingstons' counsel attached as Exhibit B to the First Amended Complaint states the tram will be located entirely on the Livingstons' property.

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

7

**D. Count VI of the First Amended Complaint Should Be Dismissed under F.R.C.P. 12(b)(6) Because Idaho Law Does Not Warrant an Injunction against Terminating the Easement.**

Count VI of Plaintiffs' First Amended Complaint seeks an injunction that forbids Defendants from ever terminating the Easement. This request runs afoul of Idaho law. To begin with, Plaintiffs acknowledge that the Livingstons own the dominant estate to the Easement. *First Amended Complaint*, ¶ 12. Idaho easement law allows the Livingstons to terminate the easement from which they benefit, so long as they do so through "an unequivocal and intentional act to abandon" the easement. *Hawkins v. Bonneville Cnty. Bd. of Commissioners*, 151 Idaho 228, 234, 254 P.3d 1224, 1230 (2011). The dominant owner may abandon an easement from which he/she benefits. The servient estate owner has no legal right to compel the dominant owner to continue using an easement against the dominant owner's wishes.

More generally, waiver is "a voluntary, intentional relinquishment of a known right or advantage." *Eagle Springs Homeowners Ass'n, Inc. v. Rodina*, 165 Idaho 862, 870-71, 454 P.3d 504, 512-13 (2019), quoting *Pocatello Hosp. v. Quail Ridge Med. Inv., LLC*, 156 Idaho 709, 719, 330 P.3d 1067, 1077 (2014).

Here, the Livingstons are the holders of a property right—specifically, an easement over the Plaintiffs' property. The Livingstons may voluntarily waive or abandon that right and, by extension, the obligations associated with that right. Upon doing so, the Livingstons would no longer be entitled to use the Plaintiffs' property, nor would they be liable for continuing maintenance of the shared tram. There is no legal basis for Plaintiffs to trap the Livingstons into the Easement against the Livingstons' wishes.

The Court should therefore dismiss Count VI of the First Amended Complaint. For the same reasons, the Court should also dismiss Counts II and III of the First Amended Complaint

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**8**

under Rule 12(b)(6) to the extent those counts allege breach or anticipatory breach based on the Livingstons' alleged intention to "unilaterally terminate the Easement." *See First Amended Complaint*, ¶¶ 45, 51. The Livingstons have the legal right to terminate the Easement, and by doing so would give the Plaintiffs no valid cause of action.

Count VI of the First Amended Complaint also fails in another way to state a claim. When an injunction is sought to prevent breach of a contract, it is treated as a request for specific performance. *Shakey's Inc. v. Martin*, 91 Idaho 758, 766, 430 P.2d 504, 512 (1967); *Drong v. Coulthard*, 87 Idaho 486, 496, 394 P.2d 283, 289 (1964), quoting *Dutch Maid Bakeries v. Schleicher*, 58 Wyo. 374, 131 P.2d 630 (1942) ("A court, in granting or refusing an injunction to require a promisor to [not breach a contract], exercises a discretion controlled by the same equitable principles that apply in an action for specific performance"). Because specific performance is not available as a remedy to enforce the Easement, an injunction against breaching it is also not an obtainable remedy. The Court should dismiss Count VI of the First Amended Complaint under F.R.C.P. 12(b)(6).

## CONCLUSION

For the reasons detailed above, the Livingstons respectfully request that this Court dismiss Counts I and VI of Plaintiffs' First Amended Complaint in their entirety under F.R.C.P. 12(b)(6). The Livingstons also request that this Court dismiss Counts II and III of the First Amended Complaint under F.R.C.P. 12(b)(6) to the extent those counts allege breach or anticipatory breach based on the Livingstons' alleged intention to "unilaterally terminate the Easement," which the Livingstons are entitled to do under Idaho law. Finally, the Livingstons request that this Court dismiss Count V of Plaintiffs' First Amended Complaint under F.R.C.P. 12(b)(1) as unripe for adjudication.

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

DATE: January 18, 2024.

BRISTOL GEORGE

*/s/Gregory M. George*
By: Gregory M. George, ISB No. 9937
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Warren S. Heit
Defendant, In Pro Per
And Counsel for Deb Heit
warrenheit@yahoo.com

                                                         */s/Gregory M. George*
                                                         Gregory M. George