Gregory M. George, ISB #9937
1900 Northwest Boulevard, Suite 200
Coeur d'Alene, ID 83814
Telephone: 208-664-4700
greg@bristolgeorge.com
*Attorney for Defendants*
*Scott and Shari Livingston*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WARREN HEIT AND DEB HEIT, | Case No. 23-CV-0507-BLW |
| Plaintiffs, | |
| v. | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| SCOTT LIVINGSTON AND SHARI LIVINGSTON, | |
| Defendants. | |

Defendants SCOTT LIVINGSTON and SHARI LIVINGSTON, husband and wife ("Defendants" or "Livingstons"), by and through undersigned counsel, hereby answer Plaintiffs' First Amended Complaint as follows:

Defendants deny every allegation in the First Amended Complaint not expressly admitted herein. References to paragraph numbers are to the paragraphs as numbered in the First Amended Complaint.

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

1

## ANSWER TO INTRODUCTION

1.     Regarding paragraph 1: admitted to the extent of stating that (1) a tram (Shared Tram) is situated on Plaintiffs' property, (2) Defendants have sometimes made use of the Shared Tram since purchasing their Idaho property, (3) the Shared Tram can transport Defendants down a hill to allow access to Defendants' home, and (4) the Shared Tram can transport Defendants up a hill to allow access to the Defendants' garage and the road. Denied as to all else.

2.     Regarding paragraph 2: the document referenced, if true and authentic, speaks for itself. Admitted to the extent that the Joint Agreement created an easement over the Plaintiffs' property for the benefit of the Defendants' property. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

3.     Regarding paragraph 3: admitted to the extent of stating that (1) at some point in 2023 Plaintiffs and Defendants agreed that the Shared Tram was in need of some degree of maintenance and/or repair in the future if Defendants were to keep using the Shared Tram, (2) in the summer of 2023 Defendants decided that, at some point in the future, they would abandon their right to use the Shared Tram and construct their own tram, and (3) Defendants would continue using the Shared Tram while constructing their own tram. Denied as to all else. The implication that Defendants planned to or agreed to replace the Shared Tram is particularly denied.

## ANSWER TO JURISDICTION, VENUE AND PARTIES

4.     Regarding paragraph 4: admit.

5.     Regarding paragraph 5: admit.

6.     Regarding paragraph 6: admit.

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

2

7. Regarding paragraph 7: admitted to the extent that Plaintiffs reside in Coeur d'Alene, Idaho. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

8. Regarding paragraph 8: admit.

## ANSWER TO STATEMENT OF FACTS

9. Regarding paragraph 9: admit.

10. Regarding paragraph 10: admit.

11. Regarding paragraph 11: defendants lack sufficient information or knowledge to admit or deny and therefore deny.

12. Regarding paragraph 12: the document referenced, if true and authentic, speaks for itself. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

13. Regarding paragraph 13: the document referenced, if true and authentic, speaks for itself. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

14. Regarding paragraph 14: the document referenced, if true and authentic, speaks for itself. As to all else, contains legal conclusions to which no response is required. To the extent a response is required: denied.

15. Regarding paragraph 15: admitted to the extent that the Easement was recorded in 2012. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

16. Regarding paragraph 16: admit.

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

3

17. Regarding paragraph 17: admitted to the extent of stating that Defendants have sometimes made use of the Shared Tram since purchasing their Idaho property. Denied as to all else.

18. Regarding paragraph 18: admitted to the extent of stating that the Shared Tram can transport Defendants down a hill to allow access to Defendants' home. Denied as to all else.

19. Regarding paragraph 19: admitted to the extent of stating that the Shared Tram can transport Defendants up a hill to allow access to the Defendant's garage and the road. Denied as to all else.

20. Regarding paragraph 20: admitted to the extent of stating that Defendants have sometimes made use of the Shared Tram. Denied as to all else.

21. Regarding paragraph 21: admitted to the extent of stating that in the spring and summer of 2023 Plaintiffs and Defendants discussed the age of the Shared Tram and a need for some degree of maintenance and/or repair in the future if Defendants were to keep using the Shared Tram, denied as to all else. The implication that Defendants planned to or agreed to replace the Shared Tram is particularly denied.

22. Regarding paragraph 22: admitted to the extent of stating that at some point in 2023, Plaintiffs and Defendants agreed that there was a need for some degree of maintenance and/or repair in the future if Defendants were to keep using the Shared Tram, denied as to all else. The implication that Defendants planned to or agreed to replace the Shared Tram is particularly denied.

23. Regarding paragraph 23: denied.

24. Regarding paragraph 24: admitted to the extent of stating that at some point in 2023, Plaintiffs and Defendants discussed that if Defendants were to keep using the Shared Tram, any degree of maintenance and/or repair of the Shared Tram in the future must ensure the existence of

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

4

a fully enclosed plexiglass carriage, while Plaintiffs preferred an open-air carriage with a canopy, denied as to all else.

25. Regarding paragraph 25: admitted to the extent of stating that at some point in 2023, Plaintiffs and Defendants discussed that if Defendants were to keep using the Shared Tram, any degree of maintenance and/or repair of the Shared Tram in the future must ensure the existence of a fully enclosed plexiglass carriage.

26. Regarding paragraph 26: admitted to the extent of stating that at some point after repudiating the Joint Agreement, Plaintiffs attempted to reverse their repudiation and requested that the Defendants share the cost to replace the Shared Tram, denied as to all else.

27. Regarding paragraph 27: admitted to the extent of stating that Defendants, through counsel, informed Plaintiffs in October 2023 that, at some point in the future, they would abandon their right to use the Shared Tram and construct their own tram. Denied as to all else.

28. Regarding paragraph 28: the document referenced, if true and authentic, speaks for itself. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

29. Regarding paragraph 29: the document referenced, if true and authentic, speaks for itself. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

30. Regarding paragraph 30: the document referenced, if true and authentic, speaks for itself. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

31. Regarding paragraph 31: the document referenced, if true and authentic, speaks for itself. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

32. Regarding paragraph 32: the document referenced, if true and authentic, speaks for itself. As to all else, Defendants lack sufficient information or knowledge to admit or deny and therefore deny.

33. Regarding paragraph 33: denied.

### ANSWERS TO CAUSE OF ACTION – SPECIFIC PERFORMANCE

34. Regarding paragraph 34: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

35. Regarding paragraph 35: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

36. Regarding paragraph 36: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

37. Regarding paragraph 37: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

38. Regarding paragraph 38: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

39. Regarding paragraph 39: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

40. Regarding paragraph 40: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

### ANSWER TO CAUSE OF ACTION – BREACH OF CONTRACT

41. Regarding paragraph 41: does not require an admission or denial. To the extent a response is required: denied.

42. Regarding paragraph 42: contains legal conclusions to which no response is required. To the extent a response is required: denied.

43. Regarding paragraph 43: contains legal conclusions to which no response is required. To the extent a response is required: denied.

44. Regarding paragraph 44: contains legal conclusions to which no response is required. To the extent a response is required: denied.

45. Regarding paragraph 45: contains legal conclusions to which no response is required. To the extent a response is required: denied.

46. Regarding paragraph 46: contains legal conclusions to which no response is required. To the extent a response is required: denied.

**ANSWER TO CAUSE OF ACTION – ANTICIPATORY BREACH OF CONTRACT**

47. Regarding paragraph 47: does not require an admission or denial. To the extent a response is required: denied.

48. Regarding paragraph 48: contains legal conclusions to which no response is required. To the extent a response is required: denied.

49. Regarding paragraph 49: contains legal conclusions to which no response is required. To the extent a response is required: denied.

50. Regarding paragraph 50: contains legal conclusions to which no response is required. To the extent a response is required: denied.

51. Regarding paragraph 51: contains legal conclusions to which no response is required. To the extent a response is required: denied.

52. Regarding paragraph 52: contains legal conclusions to which no response is required. To the extent a response is required: denied.

### ANSWER TO CAUSE OF ACTION – UNJUST ENRICHMENT

53. Regarding paragraph 53: does not require an admission or denial. To the extent a response is required: denied.

54. Regarding paragraph 54: admitted to the extent of stating that Defendants have sometimes made use of the Shared Tram since purchasing their Idaho property.

55. Regarding paragraph 55: contains legal conclusions to which no response is required. To the extent a response is required: denied.

56. Regarding paragraph 56: contains legal conclusions to which no response is required. To the extent a response is required: denied.

57. Regarding paragraph 57: contains legal conclusions to which no response is required. To the extent a response is required: denied.

### ANSWER TO CAUSE OF ACTION – INJUNCTION TO PREVENT CONSTRUCTION

58. Regarding paragraph 58: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

59. Regarding paragraph 59: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

60. Regarding paragraph 60: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

61. Regarding paragraph 61: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

62. Regarding paragraph 62: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

### ANSWER TO CAUSE OF ACTION – INJUNCTION AGAINST TERMINATION

63. Regarding paragraph 63: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

64. Regarding paragraph 64: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

65. Regarding paragraph 65: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

66. Regarding paragraph 66: this cause of action was dismissed by order of the Court on April 9, 2024. No response is required.

### ANSWER TO PRAYER FOR RELIEF

Regarding the entire Prayer for Relief, Defendants deny that Plaintiffs are entitled to any of the relief requested.

### AFFIRMATIVE DEFENSES

a. Failure to state a claim upon which relief can be granted.

b. Unjust enrichment is an improper remedy for damages sounding in contract.

c. Defendants' construction of their own tram will not trespass on Plaintiffs' property and/or setbacks nor disturb the Shared Tram.

d. The Court has ruled that Defendants cannot be enjoined from terminating the Easement.

e. Any damages Plaintiffs has suffered are the result of their own actions and/or omissions.

f. Unclean hands.

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

g. Failure to mitigate damages.

h. Lack of ripeness.

i. Equity demands Plaintiffs be estopped from asserting Defendants have breached the Joint Use and Maintenance Agreement. Defendants justifiably relied on Plaintiffs' assurances in July 2023 that they would be unilaterally replacing the Shared Tram and that this replacement would be their own tram.

j. Plaintiffs anticipatorily repudiated their obligations under the Joint Use and Maintenance Agreement and Defendants acted in reliance upon this repudiation.

k. Breach and repudiation of the Joint Use and Maintenance Agreement by Plaintiffs.

l. Accord and satisfaction.

m. Plaintiffs are not entitled to their costs in bringing this action nor to attorney fees.

n. The owner of the dominant tenement of an easement may unilaterally abandon the easement at any time.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief from this Court as follows:

1. Dismissing Plaintiffs' Complaint in full, with prejudice, with Plaintiffs taking nothing thereby;

2. For an award of Defendants' attorney's fees and costs pursuant to the Joint Use and Maintenance Agreement and Idaho law, including without limitation Idaho Code sections 12-121 and 12-123; and

3. For such other and further relief as the Court deems just and equitable.

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

DATE: April 23, 2024.                BRISTOL GEORGE

*/s/Gregory M. George*_____
By: Gregory M. George, ISB No. 9937
*Attorney for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Warren S. Heit
Defendant, In Pro Per
And Counsel for Deb Heit
warrenheit@yahoo.com

*/s/Gregory M. George*_____
Gregory M. George