UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WARREN HEIT and DEB HEIT, | Case No. 2:23-cv-00507-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| SCOTT LIVINGSTON and SHARI LIVINGSTON, | |
| Defendants. | |

# INTRODUCTION

Before the Court is the plaintiffs' motion for default judgment (Dkt. 32). For the reasons set forth below, the Court will deny the motion.

# BACKGROUND

The parties in this case are two married couples who own neighboring properties in Coeur d'Alene, Idaho. The properties are located on an extremely steep hillside, so a motorized tram was constructed to allow access to both properties. The tram is on the plaintiffs' property, but a Joint Use and Maintenance Agreement governs the defendants' access to the tram. *See* Dkt. 20. The plaintiffs, Warren and Deb Heit, allege that the defendants, Scott and Shari Livingston,

**MEMORANDUM DECISION AND ORDER - 1**

breached this agreement when they stopped fulfilling their obligations under the agreement and started constructing a new tram. The Heits now allege several claims against the Livingstons based on the alleged breach of the easement. The present motion is concerned with the Livingstons' conduct during discovery. More specifically, the Heits claim the Livingstons failed to fulfill their discovery obligations by submitting false declarations, failing to produce responsive discovery, and deleting text messages.

At some point during discovery, counsel for the Livingstons' indicated that they had produced all responsive documents and were willing to sign declarations to that effect. *George Decl.* at ¶ 9, Dkt. 33-1. Mr. and Ms. Livingston's declarations stated, essentially, that they had received the Heits' discovery requests and had produced all responsive documents. *Heit Decl.*, Exs. A, B, Dkt. 32-1. More specifically, Mr. Livingston attested that, except for one already produced document, he did not send any text to Jeff Wells in 2023 or prior to April 14, 2024 and all texts sent to or received after that date have been produced. *Id.*, Ex. A. at ¶¶ 18–20. Ms. Livingston's declaration contained a statement to a similar effect—that she never sent or received an email from Jeffs Wells in 2024 except for those already produced. *Id.*, Ex. B. at ¶ 22. Both declarations state that neither Mr. or Ms. Livingston deleted, destroyed, removed, or hid any messages relevant to this

**MEMORANDUM DECISION AND ORDER - 2**

litigation. *Id.*, Ex. A at ¶¶ 11–12, Ex. B at ¶¶ 11–12.

Some of these statements were untrue. For instance, Mr. Livingston had deleted an unknown number of text messages between himself and Mr. Wells while attempting to delete other messages. *Scott Livingston Decl.* at ¶¶ 11–14, Dkt. 33-3. Similarly, Shari Livingston, despite her declaration to the contrary, had not produced emails she sent to Mr. Wells. *Shari Livingston Decl.* at ¶¶ 3–6, Dkt. 33-4. The Heits now move for default judgment. The Livingstons oppose the motion.

## LEGAL STANDARD

The rules of discovery are intended to ensure both parties have "access to the true facts" because "[t]here is no point to a lawsuit, if it merely applies law to lies." *Conn. Gen. Life. Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (internal quotation marks and citations omitted). The Court has two sources of authority through which it can impose sanctions for severe discovery abuses: the inherent power of the federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37. *See Wyle v. R.J. Reynolds Indus. Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The Heits seek terminating sanctions under Rule 37 and the Court's inherent authority.

### A.   Rule 37

Rule 37 authorizes courts to impose terminating sanctions for certain discovery violations, including the failure to comply with a court order, failure to disclose or supplement discovery, and spoliation of electronically stored information. Fed. R. Civ. P. 37(b)(2), (c)(1), (e). The Heits contend Mr. Livingston committed spoliation of evidence by deleting text messages between himself and Mr. Wells. The deleted text messages are electronically stored information and "thus trigger analysis under Rule 37(e)." *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 502 (C.D. Cal. 2022).[1]

Rule 37(e) operates as "a decision tree." *Oracle America, Inc. v. Hewlett Packard Enterprise Company*, 328 F.R.D. 543, 549 (N.D. Cal. 2018). It provides as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is *lost* because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) Upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) Only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>     (A)   presume the lost information was unfavorable to the party
>     (B)   instruct the jury that it may or must presume the information

---

[1] The Heits cite to the standard governing spoliation of physical evidence. *See Reply* at 11, Dkt. 35. That standard is inapplicable here because the alleged spoliated evidence was electronically stored information that is governed by the standard set forth in Rule 37(e). *Oracle America, Inc. v. Hewlett Packard Enterprise Company*, 328 F.R.D. 543, 549 (N.D. Cal. 2018).

**MEMORANDUM DECISION AND ORDER - 4**

>     was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). "The threshold inquiry is whether ESI has been 'lost,' which in turn requires a showing (a) that discoverable ESI existed when a duty to preserve arose but was not preserved due to a party's negligence failure to take reasonable steps to preserve it *and* (b) it cannot be restored or replaced." *Oracle America, Inc.*, 328 F.R.D. at 549. If the answer to both questions is yes, then the court can "proceed to impose non-dispositive measures to cure any resulting prejudice." *Id.* The remedy sought by the Heits, default judgment, is only available if they can show "that the loss was caused by the party's intent to deprive its adversary of the information for use in the litigation." *Id.*

### B. Inherent Authority

District courts also have "the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). When acting pursuant to its inherent authority to impose a sanction, "the district court must find either: (1) a willful violation of a court order; or (2) bad faith." *America Unites for Kids v. Rosseau*, 985 F.3d 1075, 1090 (9th Cir. 2021). This power, however, "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). It is the moving party's burden to demonstrate that the conduct constituted or was tantamount to

bad faith. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015).

Moreover, when, as here, terminating sanctions are sought, courts must weigh the following factors prior to imposing the requested sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). The Court does not need to make explicit findings regarding each of the five factors, but a finding of "willfulness, fault, or bad faith" is required for dismissal or default judgment to be proper. *Id.* "Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096 (citations omitted).

## ANALYSIS

The Heits allege four instances of misconduct warrant terminating sanctions: Mr. and Ms. Livingston's false statements in their declarations, Ms. Livingstons' failure to produce the blank email, Mr. Livingston's deletion of text messages, and their failure to respond to discovery requests. At the outset, any claim that the

**MEMORANDUM DECISION AND ORDER - 6**

defendants have not fully responded to any discovery request should have been raised pursuant to the Court's discovery dispute procedures and, if necessary, a motion to compel. The Court will not entertain the argument that these alleged failures warrant terminating sanctions when the Heits have failed to comply with these procedures. *See Scheduling Order* at 4–5, Dkt. 29 (describing procedures for resolving discovery disputes and instructing that parties may not file discovery motions unless they have complied with those procedures).

Additionally, terminating sanctions for spoliation of the text messages is only appropriate if the Heits can meet the requirements of Rule 37(e). This rule, "by its terms, precludes a court from resorting to inherent authority to evade its strictures." *Gregory v. State of Montana*, 118 F.4th 1069, 1079 (9th Cir. 2024). Indeed, Rule 37(e) "*forecloses reliance on inherent authority* or state law to determine when certain measures should be used." *Id.* (quoting Fed. R. Civ. P. 37(e) advisory committee's notes to 2015 amendment) (emphasis in original). The Court will begin its analysis with Rule 37(e) before considering sanctions under its inherent authority.

### A.   Rule 37(e)

Turning first to the analysis under Rule 37(e). The Heits argue that Mr. Livingston's deletion of text messages amounts to spoliation of evidence. For the

**MEMORANDUM DECISION AND ORDER - 7**

purposes of this motion, the Court will assume the text messages are lost.[2] Because the Heits seek default judgment as the remedy for spoliation, they must make the additional showing "that the loss was caused by the party's intent to deprive its adversary of the information for use in the litigation." Rule 37(e)(2). "On its face, that is a demanding specific-intent standard." *Gregory*, 118 F.4th at 1080. The Ninth Circuit has instructed that this intent "is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Jones v. Riot Hospitality Group LLC*, 95 F. 4th 730, 735 (9th Cir. 2024). Moreover, negligent or even grossly negligent conduct does not support the imposition of the severe sanctions contemplated in Rule 37(e)(2), including default judgment. Fed. R. Civ. P. 37 advisory committee Notes to the 2015 Amendment.

The Heits cannot meet this standard. At best, they can demonstrate Mr. Livingston's text message management was negligent. Mr. Livingston explains that he accidentally deleted entire text message conversations while attempting to

---

[2] It seems at least some of these text messages are already in the Heits' possession or may be accessible through additional discovery from third parties. If so, the text messages would not meet Rule 37(e)'s definition of lost. *See Paisley Park Enterprises, Inc. v. Boxill*, 330 F.R.D. 226, 235 (D. Minn. 2019) ("For example, Rule 37 sanctions are not available when e-mails are lost because one custodian deletes them, but they remain available in the records of another custodian. Logically, the same principle holds true for text messages.").

delete single messages to save space. *Scott Livingston Decl.* at ¶¶ 11–12, Dkt. 36-4. The Heits argue this deletion was intentional. However, nothing in the record supports this conclusion. Certainly, the Heits cannot be expected to produce any direct evidence of intent, as such evidence is rare in cases of spoliation. *Jones*, 95 F.4th at 735. Nonetheless, there must be circumstantial evidence supporting the conclusion that the destruction was intentional, including the timing of destruction, affirmative steps taken to delete evidence, and selective preservation. *Id.*

Here, it is unclear when the texts were deleted. While Mr. Livingston did take affirmative steps to delete the messages, *i.e.* he deleted them rather than failed to save them from automatic deletion, there is no evidence he selectively preserved evidence. Indeed, the statements of an attorney associated with defense counsel confirm the Mr. Livingston seems to have deleted a large number of entire text histories with his contacts. *Owens Decl.* at ¶ 4, Dkt. 33-2. The number of deleted conversations suggests that Mr. Livingston did not intend to delete his messages with Mr. Wells to deprive the Heits of access to those messages, but rather out of carelessness or negligence. Accordingly, the Heits' motion for terminating sanctions pursuant to Rule 37(e) is denied.

### B.   Inherent Authority

Turning next to the Court's inherent authority to impose sanctions. The

**MEMORANDUM DECISION AND ORDER - 9**

Heits claim that the Court should strike the Livingstons' answer and enter a default judgment against them pursuant to its inherent authority. As discussed above, the relevant conduct for the purposes of this motion is Mr. and Ms. Livingston's signing of declarations containing inaccurate statements and Ms. Livingston's failure to produce an email between her and Mr. Wells. The Court will consider whether this conduct was willfully disobedient or in bad faith before turning to the *Anheuser-Busch* factors.

### 1. Willful Disobedience or Bad Faith

When imposing a sanction pursuant to its inherent authority, "the district court must find either: (1) a willful violation of a court order; or (2) bad faith." *America Unites for Kids*, 985 F.3d at 1090. Bad faith includes "conduct done vexatiously wantonly, or for oppressive reasons," and "requires proof of bad intent or improper purpose." *Id.* In contrast, willful disobedience "does not require proof of mental intent such as bad faith or improper motive, it is enough that a party acted deliberately." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (defendant "knew the protective order was in place and that filing without redacting the confidential information constituted a violation.").

The Heits do not identify any Court order that the Livingstons allegedly violated. That means any claim for sanctions must be based on conduct that

**MEMORANDUM DECISION AND ORDER - 10**

"constituted or was tantamount to bad faith." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648–50 (9th Cir. 1997) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980)). "[M]ere recklessness, without more, does not justify sanctions under a court's inherent power." *Fink*, 239 F.3d at 993–94.

The Heits have not demonstrated that the Livingstons' conduct constituted or was tantamount to bad faith. Indeed, the context surrounding the signing of the declaration belies any claim of bad faith. To resolve an ongoing discovery dispute, the Livingstons volunteered to sign declarations that they produced all the relevant material in their possession. *George Decl.* at ¶ 9, Dkt. 33-1. When defense counsel sent the proposed declarations to Mr. Heit, he modified the declarations to include specific statements that at the time he knew to be false. *George Decl.*, Exhibit F, Dkt. 33-1. When the Livingstons signed the declarations, the Heits brought the present motion. The Court cannot conclude that by signing the declarations, the Livingstons acted in bad faith. The Heits, again, have not pointed to any evidence that supports the conclusion that the Livingstons' conduct was anything other than carelessness. To be sure, the Livingstons and, to an extent, defense counsel were somewhat careless with how they handled these declarations. They should have been modified or not signed. Nonetheless, this carelessness is a far cry from the type of bad faith that warrants terminating sanctions.

**MEMORANDUM DECISION AND ORDER - 11**

The same is true of Ms. Livingston's failure to produce the blank emails between her and Mr. Wells. Ms. Livingston explains she did not think she needed to produce the email since there were no text in the body of the email and the contract attached to the emails were already produced. *Shari Livingston Decl.* at ¶¶ 3–6, Dkt. 33-4. There is no indication the failure to produce these emails was the result of bad faith.

### 2. *Anheuser-Busch* Factors

Even if the Livingstons acted in bad faith, the *Anheuser-Busch* factors clearly militate against imposing terminating sanctions. Before imposing terminating sanctions, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Anheuser-Busch*, 69 F.3d at 348.

Here, the alleged misconduct has not resulted in any delays to this litigation, nor has it significantly burdened the courts dockets, both of which weigh against imposition of terminating sanctions. The fourth factor, as it always does, weighs against terminating sanctions. *Dreith v. Nu Images, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). Although the Heits claim they will suffer prejudice in the absence of

**MEMORANDUM DECISION AND ORDER - 12**

severe sanctions, the Court is not convinced. Any misconduct is limited and, in part, manufactured by the plaintiff. The Livingstons have produced other material related to the separate tram. There is no prejudice resulting from Ms. Livingstons failure to produce the blank emails as they have now been produced. *See George Decl.* Ex. G, Dkt. 33-1. Moreover, any prejudice resulting from the declarations is rather limited because the Heits appears to have been aware that some of the statements in the declaration were untrue at the time they proposed the changes and, as such, did not rely on the declarations. *George Decl.* Ex. F, Dkt. 33-1. To the extent the Heits will suffer some prejudice it is not sufficient to outweigh the other factors.

The final factor, the availability of less drastic sanctions, weighs against terminating sanctions. Default judgment is a drastic remedy. The Heits have not raised any discovery disputes with the Court and there does not appear to be any pattern of abuse. This motion comes down to the failure to produce one email and the signing of inaccurate declarations at the Heits' insistence. This misconduct, without more, simply does not justify terminating sanctions. That said, the rather lax approach Mr. and Ms. Livingston appear to have taken to signing the declarations is certainly concerning to the Court and may be relevant to the Livingstons' credibility. Nonetheless "the ordinary adversary process of litigation

**MEMORANDUM DECISION AND ORDER - 13**

is an adequate remedy' for [their] purported lies." *Chrome Dex, Inc. v. Elysium Health, Inc.*, 535 F. Supp. 3d 906, 912 (C.D. Cal. 2021) (finding impeachment at trial an adequate remedy where perjured deposition testimony about cocaine use by Plaintiff's co-founders lacked nexus to fraudulent inducement and patent claims). At trial, the Heits would have the opportunity to cross examine Mr. and Ms. Livingston about their declarations and the accuracy of their statements.[3] The jury can then assess credibility and decide the proper weight to accord their testimony. "This is sufficient 'to protect the orderly administration of justice and the integrity of these proceedings.'" *Tsatas v. Airborne Wireless Network, Inc.*, No. 2:20-cv-02045-RFB-BNW, 2024 WL 4892571, at *5 (Nov. 26, 2024).

Default judgment is a "sanction[] of last resort" and "run[s] counter to the strong public policy of deciding cases on their merits and affording litigants their fair day in court." *General Atomic Co. v. Exxon Nuclear Co.*, 90 F.R.D. 290, 307 (S.D. Cal. 1981). The Heits have not established such a severe sanction is warranted in this case. Accordingly, the Court will deny the motion.

### C. Attorney's Fees

Finally, the Livingstons' request the Court award them their reasonable

---

[3] This assumes but does not decide that the declarations would be admissible.

attorney's fees incurred in responding to this motion. They argue the Heits' brought their motion based, in part, on Rule 37 which authorizes attorney fees for the prevailing party on a motion under the Rule. Indeed, Rule 37(a)(5)(B) and Rule 37(b)(2)(C) permit the Court to award the party opposing a motion to compel disclosure or discovery or motion for sanctions for failure to comply with a court order unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. 37(a)(5)(B). While the Heits' motion relied, in part, on Rule 37(e), it is unclear whether this subsection provides for fee shifting to the prevailing party. Nonetheless, even if such fee-shifting is appropriate, the Court finds that the Heits' motion under Rule 37(e) was substantially justified. Mr. Livingston clearly deleted the text messages, even if that conduct does not ultimately warrant terminating sanctions. Accordingly, the request for fees is denied.

## ORDER

**IT IS ORDERED that** Plaintiffs' Motion for Default Judgment (Dkt. 32) is **DENIED**.

**MEMORANDUM DECISION AND ORDER - 15**



DATED: February 24, 2025

_____
B. Lynn Winmill
U.S. District Court Judge