UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WARREN HEIT AND DEB HEIT,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT LIVINGSTON AND SHARI LIVINGSTON,<br><br>Defendants. | Case No. 2:23-cv-00507-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Warren and Deb Heit's Motion for Partial Summary Judgment (Dkt. 48). For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

The Heits and the Livingstons own neighboring properties on a steep hillside in Coeur d'Alene, Idaho. *Def. Stmt. of Facts* at ¶ 3, Dkt. 36-1. For over a decade, both properties have relied on the use of a shared tram on the Heits property for access to their properties. *Id.* at ¶ 6. In 2012, James Cameron, the previous owner of the Livingstons' property, and Heits entered into a Joint Use Agreement which

granted the owner of the Livingstons' property an easement over the Heits' property for use of the tram. *Id.* at ¶ 7. The Joint Use Agreement provides that the two properties shall share "costs of electrical power, operation, maintenance, repair, and necessary replacement associated with said tram." *Shari Livingston Decl.*, Ex. A, Dkt. 36-5. The Livingstons and the Heits used the shared tram without issue for several years.

In spring 2023, the parties began discussing the possibility of replacing the shared tram due to age. *Id.* at ¶ 11. The Heits wanted to replace the tram carriage with an open carriage, rather than the existing closed design. *Warren Heit Decl.* at ¶ 6, Dkt. 38-1. The Livingstons preferred instead to keep the same enclosed design on the new shared tram. *Scott Livingston Decl.* at 13, Dkt. 36-4. This disagreement over design came to a head on July 11, 2023 when the parties went for dinner at the Floating Green Restaurant. *Id.* at ¶ 15; *Warren Heit Decl.* at ¶ 5, Dkt. 38-1. The purpose of dinner was to discuss replacing the shared tram. Instead, according to the Livingstons, the parties agreed that each couple should build their own tram. *Shari Livingston Decl.* at ¶ 15, Dkt. 36-5; *Scott Livingston Decl.* at ¶ 15, Dkt. 36-4. The Heits, in contrast, dispute that any such agreement was reached. *See Warren Heit Decl.* at ¶¶ 5–8, Dkt. 38-1; *Deb Heit Decl.* at ¶¶ 12–16, Dkt. 38-2. Either way, the dinner ended, and the parties left, upset and no longer on speaking terms. *Id.* at

**MEMORANDUM DECISION AND ORDER - 2**

¶ 15.

In the months after the dinner at Floating Green, the Livingstons received a bid from a contractor for the construction of a separate tram, signed a contract for a new tram, and paid a down payment. *Id.* at ¶¶ 16, 18. They also conducted a lot-line retracement in preparation for the construction of the new tram. *Id.* at ¶ 17. In October 2023, counsel for the Livingstons sent a letter to the Heits "memorializing the terms of the agreement at the Floating Green." *Id.* at 19. Shortly thereafter, the Heits initiated this lawsuit and now move for summary judgment. The Livingstons oppose the motion.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986). Material facts are those that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Trial courts should act with

caution in granting summary judgment. *Id.* at 255.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In evaluating whether the moving party has met this burden, the Court must view the evidence in the light most favorable to the non-moving party and must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

Once the moving party has met its burden, the non-moving party carries the burden to present evidence showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. The non-moving party must go beyond the pleadings and show through "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Id.* at 324.

## ANALYSIS

The Heits move for summary judgment on their breach of contract, anticipatory breach of contract, and civil trespass claims. The Court will first address the breach and anticipatory breach of contract claims before turning to the civil trespass claim.

### A.    Breach and Anticipatory Breach of Contract

First, the Heits argue they are entitled to summary judgment on their breach and anticipatory breach of contract claims. To prove breach of contract, a plaintiff must show (1) the existence of a contract; (2) a breach of the contract; (3) damages caused by the breach; and (4) the amount of damages. *McCarthy Corp. v. Stark Investment Group, LLC*, 489 P.3d 804, 815 (Idaho 2021). A breach of contract is the non-performance of any contractual duty of immediate performance. *Caldwell Land and Cattle, LLC v. Johnson Thermal Systems, Inc.*, 452 P.3d 809, 829 (Idaho 2019). Anticipatory breach of contract, similarly, "has been defined as a 'repudiation [by the promisor] of his contractual duty *before the time fixed in the contract for his performance has arrived*.'" *Swafford v. Huntsman Springs, Inc.*, 409 P.3d 789, 793 (Idaho 2017) (quoting *Foley v. Munio*, 669 P.2d 198, 200 (Idaho 1983) (emphasis in original)).

The Heits argue that the Livingstons either breached or anticipatorily breached two terms of the Joint Use Agreement by: (1) failing to share in the cost of maintaining and replacing the shared tram; and (2) requiring the Heits to relocate the tram's electrical box. The Court will address each argument in turn.

### 1. Cost Sharing

The Heits argue that the Livingstons breached their contractual duty to share the cost of replacing the tram. The Livingstons offer two theories that they claim

preclude summary judgment: first, that the parties modified the contract and, second, that the doctrine of quasi-estoppel applies. As the Court addressed when resolving the Livingstons' motion for summary judgment, a factual dispute exists as to whether quasi-estoppel applies. Dkt. 10-13. That is still the case. The existence of a factual dispute as to quasi-estoppel precludes summary judgment, so the Court will not address the Livingstons' first agreement whether there was a valid oral modification of the Joint Use Agreement.

"The doctrine of quasi-estoppel 'prevents a party from asserting a right, to the detriment of another party, which is inconsistent with a position previously taken.'" *Radford v. Van Orden*, 483 P.3d 344, 360 (Idaho 2021) (quoting *Atwood v. Smith*, 138 P.3d 310, 315 (Idaho 2006)). Under Idaho law,

> [t]he doctrine applies when (1) The offending party took a different position than his or her original position and (2) either (a) the offending party gained advantage or caused a disadvantage to the other party; (b) the other party was induced to change positions; or (c) it would be unconscionable to permit the offending party to maintain an inconsistent position from one he or she already derived a benefit or acquiesced in.

*Id.* at 360. Quasi-estoppel is an affirmative defense, so the Livingstons have the burden of showing the doctrine applies. *Thomas v. Arkoosh Procedure, Inc.*, 48 P.3d 1241, 1247 (Idaho 2002).

The Heits insist quasi-estoppel cannot apply here. At the outset, any argument the Heits lacked knowledge of their legal rights at the time of their

statements in July 2023 is entirely unavailing. A "party who signs an instrument manifests assent to it and may not later complain that he did not read the instrument or that he did not understand its contents." *Irwin Rogers Ins. Agency, Inc. v. Murphy*, 833 P.2d 128, 131 (Idaho Ct. App. 1992). The Heits signed the Joint Use Agreement, which means they cannot now complain that they did not know the terms of the Agreement.

Moreover, the parties provide different accounts of what happened during the July 2023 dinner at Floating Green. The Heits argue that they never disclaimed the possibility of seeking repayment for the replacement of the tram, while the Livingstons contend that Mr. Heit's statement that each party should build their own tram suggests otherwise. *Deb Heit Decl.* at ¶ 15, Dkt. 38-2; *Scott Livingston Decl.* at ¶¶ 15-16. Construing the facts in the light most favorable to the Livingstons, as the Court must at summary judgment, the Heits took one position in July and now take a different position. Additionally, in reliance on the Heits' statements in July the Livingstons hired a contractor and started building a separate tram. *Id.* at ¶¶ 16–17. It follows that a reasonable jury could find that the elements of quasi-estoppel are satisfied. Accordingly, summary judgment is unwarranted.

### 2. The Electrical Box

The Heits also claim that the Livingstons anticipatorily breached the Joint

Use Agreement by demanding that the tram's electrical system be relocated to the Heits' property. *Motion* at 10, Dkt. 48. In an October 2023 letter, the Livingstons "respectfully request[ed]" the Heits move the electrical system. The Heits argue that this statement, along with deposition testimony, indicate a clear repudiation of the Livingstons' duty to share the costs of the tram's electricity.

Anticipatory breach, however, requires a clear refusal to perform a contractual duty before that duty was due. *Trumble v. Farm Bureau Mut. Ins. Co. of Idaho*, 456 P.3d 201, 215–16 (Idaho 2019). This requires identifying a specific term or obligation within the contract that the other party disavowed. The Joint Use Agreement does not impose any obligation on either party to host or maintain the tram's electrical box on their property. The Agreement requires the parties to share in the cost of the tram's electricity but is silent as to the location of the electrical system. *Warren Heit Decl.*, Ex. C, Dkt. 48-2.

The Livingstons' request to move the electrical box was not a refusal to perform under the contract because the contract does not require the Livingstons to keep the electrical box on their property. Because the Livingstons have not refused to perform an obligation under the Joint Use Agreement, there was no anticipatory breach. Summary judgment on this issue is, therefore, denied.

    **B.**    **Civil Trespass**

The Heits did not plead a cause of action for civil trespass under I.C. §6-202 in the operative complaint. The motion to amend their complaint to include said cause of action was denied in the Memorandum Decision and Order filed concurrently herewith. Accordingly, summary judgment on this issue is denied.

**ORDER**

**IT IS ORDERED that** Plaintiffs' Motion for Summary Judgment (Dkt. 48) is **DENIED**.

DATED: June 30, 2025

B. Lynn Winmill
U.S. District Court Judge