UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WARREN HEIT and DEB HEIT,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT LIVINGSTON and SHARI LIVINGSTON,<br><br>Defendants. | Case No. 2:23-cv-00507-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Warren and Deb Heit's motion to amend the Complaint (Dkt. 49). More specifically, the Heits seek to amend their Complaint to add punitive damages pursuant to Idaho Code § 6-1604 and a civil trespass claim pursuant to Idaho Code § 6-202. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

As the Court has previously set forth, the Heits and Livingstons own neighboring properties on a steep hillside in Coeur d'Alene, Idaho. Dkts. 20, 50. In 2012, the owners of the two properties entered into a joint use agreement that

**MEMORANDUM DECISION AND ORDER - 1**

granted the owner of the Livingtons' property an easement over the Heits' property for the use of a shared tram. For over a decade, both properties relied on this shared tram to access their homes and, pursuant to the agreement, shared the "costs of electrical power, operation, maintenance, repair, and necessary replacement associated with" the tram. *Shari Livingston Decl.*, Ex. A., Dkt. 36-5.

This arrangement lasted until spring 2023 when it became clear that the tram needed to be replaced. *Id.* at ¶ 11. The Heits and Livingstons, however, disagreed on the design for the new tram. *Scott Livingston Decl.* at ¶ 13, Dkt. 36-4; *Warren Heit Decl.* at ¶ 6, Dkt. 38-1. This disagreement came to a head on July 11, 2023 when the parties went to dinner at Floating Green Restaurant to discuss replacing the shared tram. *Id.* at ¶ 15. After a tense dinner, the parties left upset and with conflicting recollections of what happened. The Livingstons insist the parties agreed that each couple agreed to just build their own tram. *Id.* at ¶ 15; *Shari Livingston Decl.* at ¶ 15, Dkt. 36-5. The Heits, in contrast, dispute that any agreement was reached. *Warren Heit Decl.* at ¶¶ 5–8, Dkt. 38-1; *Deb Heit Decl.* at ¶¶ 12–16, Dkt. 38-2.

Following the dinner at Floating Green, the Livingstons hired a contractor, Jeff Wells, to construct a separate tram. *Scott Livingston* at ¶¶ 16–17. On September 8, 2023, the Livingstons informed the Heits they were moving forward

**MEMORANDUM DECISION AND ORDER - 2**

with the separate tram and construction began. *Id.* at ¶ 21. Soon after, the Heits filed the present action alleging, among other claims, breach of contract and seeking an injunction to stop the Livingstons' construction workers from trespassing on their property. *Compl.*, Dkt. 1. The Heits now move to amend their complaint to add punitive damages and a claim for civil trespass. The Livingstons oppose both requests.

## LEGAL STANDARD

### A.    Motion to Add Punitive Damages

Because the Court is sitting in diversity, the Heits' motion for leave to amend to allege punitive damages is governed by Idaho Code § 6-1604. At the pleading stage, a plaintiff may not claim punitive damages in their initial complaint. Instead, upon a pretrial motion, the plaintiff must seek to "amend the pleadings to include a prayer for relief seeking punitive damages." Idaho Code § 6-1604(2). The Court, in turn, should permit such an amendment only if, "after weighing the evidence presented, the court concludes that the moving party has established . . . a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." *Id.*

In other words, the Court should only grant a motion to amend to add punitive damages when there is "a 'reasonable probability' that the evidence

submitted is: (1) admissible at trial; and (2) 'sufficient' to support an award of punitive damages." *Davis v. Blast Properties, Inc.*, 551 P.3d 706, 712 (Idaho 2024). In this context, "'sufficient' means that the claim giving rise to the request for punitive damages must be legally cognizable and the evidence presented must be substantial." *Id.* Ultimately, the decision whether to permit a plaintiff to add a claim for punitive damages "rests within the sound discretion of the trial court." *Groenig v. Safeco Ins. Co. of Am.*, No. 1:20-cv-00538-BLW, 2023 WL 6162937, at *10 (D. Idaho Sept. 21, 2023) (citing *Manning v. Twin Falls Clinic & Hosp., Inc.*, 830 P.2d 1185, 1190 (Idaho 1992)).

## B.    Motion to Amend

Motions to amend a pleading filed after a Case Management Order deadline has expired are governed not by the liberal amendment language of Rule 15(a) of the Federal Rules of Civil Procedure, but instead by the more restrictive provisions of Rule 16(b). *Johnson v. Mammoth Mountain*, 975 F.2d 604, 607–08 (9th Cir. 1992). "A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15." *Id.* at 608 (internal citations omitted).

Leave to amend under Rule 15 should be granted where "justice so

requires." Fed. R. Civ. P. 15(a)(2). "In determining whether leave to amend is

appropriate, the district court considers . . . four factors: bad faith, undue delay,

prejudice to the opposing party, and/or futility." *Herring Networks, Inc. v.*

*Maddow*, 8 F.4th 1148, 1161–62 (9th Cir. 2021). Generally, a court must make a

determination "with all inferences in favor of granting the motion." *Griggs v. Pace*

*Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Here, the only issue raised by

the defendants is futility.

## ANALYSIS

The Court will take the Heits' motion in two parts. First, it will consider the

motion to add punitive damages, then, the Court will consider the motion to amend

to add a claim for civil trespass.

### A.    Punitive Damages

The Heits request leave to amend to seek punitive damages. The Court

should only grant such a request when there is "a 'reasonable probability' that the

evidence submitted is: (1) admissible at trial; and (2) 'sufficient' to support an

award of punitive damages." *Davis*, 551 P.3d at 712. In other words, a plaintiff

must present substantial evidence of "oppressive, fraudulent, malicious or

outrageous conduct by the party against whom the claim for punitive damages is

asserted." Idaho Code § 6-1604(1). That means showing "the requisite intersection

of two factors: a bad act and a bad state of mind." *Todd v. Sullivan Const. LLC*,
191 P.3d 196, 201 (Idaho 2008). A bad act is an "extreme deviation from
reasonable standards of conduct." *Seiniger Law Officer, P.A. v. North Pac. Ins.
Co.*, 178 P.3d 606, 615 (Idaho 2008).

Put simply, the Heits insist punitive damages are warranted due to the
Livingstons' conduct during discovery. They claim the Livingstons destroyed
evidence, submitted perjured declaration testimony, and submitted evasive
discovery responses. Most of these allegations are familiar to the Court as they
formed the basis of the Heits' motion for default judgment. *See* Dkt. 32.
Importantly, the Court denied the motion for default judgment finding that the
Livingstons' conduct was not intentional and was, at most, careless. Dkt. 47 at 8,
11. The Idaho Supreme Court has repeatedly noted that "[t]he justification of
punitive damages must be that the defendant acted with an extremely harmful state
of mind, whether that be termed 'malice, oppression, fraud or gross negligence;'
'malice, oppression, wantonness;' or simply 'deliberate or willful.'" *Myers v.
Workmen's Auto. Ins. Co.*, 95 P.3d 977, 985 (Idaho 2004) (quoting *Cheney v.
Palos Verdes Inv. Corp.*, 665 P.2d 661, 669 (Idaho 1983)). Here, the Court has
already determined the Livingstons' conduct does not meet this bar.

Moreover, "[i]t is well established that punitive damages are unavailable in

routine, ordinary breach of contract cases[.]" *Thurston Enters. Inc. v. Safeguard Bus. Sys., Inc.*, 435 P.3d 489, 505 (Idaho 2019). While this general principle is not "a blanket prohibition against punitive damages in breach of contract claims[,]" punitive damages for breach of contract are limited to extraordinary cases where "the breaking of a promise [is] an extreme deviation from standards of reasonable conduct, and [is] done with knowledge of its likely effects." *Id.* (quoting *Myers*, 95 P.3d at 985). After reviewing the evidence submitted by the plaintiffs, the Court is convinced this case is not one of those extraordinary cases. Rather, it is an ordinary breach of contract case where "the moving party's claims are reasonably disputed and there is substantial evidence that supports the non-moving party's claims, [and] a motion to assert punitive damages will not be allowed." *Groenig*, 2023 WL 6162937, at *10.

The Heits nonetheless insist *Hathaway v. Idaho Pac. Corporation*, No. 4:15-cv-00086-DCN, 2019 WL 4891044 (D. Idaho Oct. 3, 2019) requires a different result. Not so. In *Hathaway*, the plaintiff sought leave to add punitive damages based upon a claim that his employer wanted to avoid a worker's compensation claim. *Id.* at *3. In support of punitive damages, he provided evidence that his employer had destroyed a report about his injury, issued a report that omitted any information about his shoulder injury despite the employer's knowledge of the

injury, and when the plaintiff asked about the report he was terminated. *Id.* at * 4–5. This evidence suggested that the employer "doctor[ed] or destroy[ed] a document to avoid a worker's compensation claim," which "is a bad act made in a bad state of mind." *Id.* at *4. The district court concluded that the cumulative effect of the evidence created a reasonable likelihood of proving facts at trial to support punitive damages. *Id.* at *5. The evidence presented by the Heits is nowhere near as strong as the evidence presented by the plaintiff in *Hathaway* and, ultimately, does not relate to the underlying breach of contract claim. Despite the Heits' claims otherwise, *Hathaway* does not support its argument for punitive damages. Accordingly, the Heits' motion to add punitive damages is denied.

### B.    Trespass Claim

The Heits also move to amend their Complaint to allege a claim for civil trespass pursuant to Idaho Code § 6-202. The Heits suggest this claim was pled in their original Complaint, however, the Court has already determined the original complaint did not include a claim for damages based on civil trespass. Dkt. 50 at 19 n. 2. Rather, the Heits original complaint requested injunctive relief to prevent the Livingstons' contractors from trespassing on the Heits property. Despite the Heits' suggestion that this claim for injunctive relief provides sufficient notice under Rule 8 for a claim for damages based upon the civil trespass statute, it does

not. Fed. R. Civ. P. 8(a). The only mention of trespass in the Complaint is as it relates to "Count IV: injunction to Prevent Construction from Invading Property and Disturbing Shared Tram." *Am. Compl.*, Dkt. 24. Since the Heits, therefore, seek to amend their complaint after the deadline set forth in the Court's case management order, they must satisfy the requirements of Rule 16 as well as Rule 15.

Turning first to the good cause analysis under Rule 16. "Unlike Rule 15(a)'s liberal amendment policy. . . , Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The party seeking amendment must show that it could not reasonably meet the deadline set in the case management order despite their diligence. *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent the inquiry should end." *Id.* (internal citations omitted).

The Heits' analysis focuses only on the prejudice, or lack thereof, to the Livingstons should the Court permit amendment. While that is a relevant consideration under Rule 15, it is not the relevant inquiry under Rule 16. The Heits, however, make no showing of diligence, the principal concern of the Rule

16 analysis, nor make any effort to explain why they were unable to meet the

deadline for amendment set in the Court's scheduling order. Absent a showing of

diligence, leave to amend is not warranted. *Id.* Accordingly, the Heits' motion for

leave to amend is denied.

**ORDER**

    **IT IS ORDERED that** Plaintiff's Motion to Amend Complaint (Dkt. 49) is

**DENIED**.

DATED: June 30, 2025

B. Lynn Winmill
U.S. District Court Judge