UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WARREN HEIT and DEB HEIT,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT LIVINGSTON and SHARI LIVINGSTON,<br><br>Defendants. | Case No. 2:23-cv-00507-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Scott and Shari Livingston previously moved for summary judgment on all claims against them. Dkt. 36. The Court granted in part and denied in part the motion. Dkt. 50. It also deferred ruling on the motion with respect to Warren and Deb Heits' trespass claim. *Id.* As set forth in that order, the Heits and Livingstons own neighboring properties on a steep hillside in Couer d'Alene Idaho. *Id.* The properties relied on the use of a shared tram for over a decade until 2023 when it became clear the tram needed to be replaced. *Id.* The parties disagreed over the design of the tram and, ultimately, the relationship fell apart, and the Livingstons began construction on a separate tram. *Id.* Relevant here, the Heits contend that the

MEMORANDUM DECISION AND ORDER - 1

construction workers building the separate tram are trespassing on their property and seek to enjoin them from continuing to trespass. For the reasons set forth below will grant the motion for summary judgment with respect to the Heits' trespass claim.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986). Material facts are those that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Trial courts should act with caution in granting summary judgment. *Id.* at 255.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In evaluating whether the moving party has met this burden, the Court must view the evidence in the light most favorable to the non-moving party

and must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

Once the moving party has met its burden, the non-moving party carries the burden to present evidence showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. The non-moving party must go beyond the pleadings and show through "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Id.* at 324.

## ANALYSIS

The Heits request an injunction preventing the Livingstons' contractors from trespassing on the Heits' property. More specifically, the Heits claim that the construction workers use of "the exterior stairs" to access the worksite trespasses upon their property. *See* Ex. O, Requests for Admission Nos. 68–107, Dkt. 38-1. The Heits offer two theories of liability. First, that Mr. Wells is an agent of the Livingstons and, second, Restatement (Second) of Torts § 427B applies.[1] The

---

[1] The Heits offer a third theory of liability based upon Idaho Code § 6-803(5). They claim the Livingstons are jointly and severally liable for the acts of Mr. Wells because they were acting in concert. This theory, however, seems to be premised on an agency relationship between Mr. Wells and the Livingstons, so further consideration of this argument is not necessary. Moreover, this argument is mentioned only briefly in a footnote. *Resp.* at 20 n. 24, Dkt. 38; *Idaho Conservation League v. Bonneville Power Admin.*, 826 F.3d 1173, 1178 (9th Cir. 2016)

**MEMORANDUM DECISION AND ORDER - 3**

Court will address each theory in turn.

### A. Agency

The Livingstons argue summary judgment is warranted on this claim because they cannot be held liable for the acts of their contractor, Jeff Wells, or his employees. Whether the Livingstons may be liable for the acts of their contractor, Mr. Wells, depends on whether he is an independent contractor or an agent of the Livingstons. "A principal is liable for the torts of an agent committed within the scope of the agency relationship." *Sharp v. W.H. Moore, Inc.*, 796 P.2d 506, 512 (1990). In contrast, a principal is generally not liable for the torts of an independent contractor. *Gneiting v. Idaho Asphalt Supply*, 941 P.2d 932, 933 (Idaho Ct. App. 1997). "Whether facts sufficient to constitute an agency relationship exist is indeed a question of fact for the jury, however, whether a given set of facts are sufficient to constitute an agency relationship is a question of law." *Humphries v. Becker*, 366 P.3d 1088, 1095 n.5 (Idaho 2016).

"As a general rule, independent contractors are not agents." *Melichar v. State Farm Fire & Cas. Co.*, 152 P.3d 587, 593 (Idaho 2006). The Idaho Supreme Court has explained:

> Where an employer controls the performance of the person employed to do certain work, as well as the result to be achieved, the servant is an agent, and the employer will be liable for its authorized acts. However, where the employer has no control over how the servant performs the contract, but

**MEMORANDUM DECISION AND ORDER - 4**

retains control only as to the result to be achieved, the servant is an independent contractor.

*Id.* At a minimum, the party claiming an agency relationship must show (1) the alleged agent had the power to "alter legal relations between the principal and third persons," (2) the alleged agent had a fiduciary duty to the principal to "act primarily for the principal's benefit in matters connected with her undertaking," and (3) the alleged principal had "the right to control the physical conduct of the agent." *Nelson v. Kaufman*, 458 P.3d 139, 147 (2020). The party alleging the existence of an agency relationship, here the Heits, has the burden of proving it exists. *Primera Beef, LLC v. Ward*, 457 P.3d 161, 167 (2020) (internal quotation marks and citations omitted).

In support of their theory that Mr. Wells was the Livingstons' agent, the Heits point to a message sent by Mr. Livingston to Mr. Wells stating: "I, Scott Livingston, have hired and obtain[ed] Jeff Wells services, to represent me, to get a permit through KCBD, to work on my property and install a tram from my garage down to my house." Pl.'s Ex. P at 12, Dkt. 51-2. The Livingstons, in contrast, contend that there is no evidence that any of the three elements of agency are satisfied here. Even accepting that Mr. Livingston's text message to Mr. Wells satisfies the first two of these requirements, which the Court is somewhat skeptical of, the Heits have not presented evidence sufficient to satisfy the third prong of the

MEMORANDUM DECISION AND ORDER - 5

agency analysis.

Indeed, the evidence in the record suggests that the Livingstons did not control the "physical performance" of the job. *Wells Decl.* at ¶ 5, Dkt. 36-3. The only evidence the Heits point to is that Mr. Livingston directed Mr. Wells where he and those working for him could park their cars and that the Livingstons worked collaboratively with Mr. Wells to make decisions about the construction. Pl. Ex. A at 159:3–19, Dkt. 38-1; Pl.'s Ex. B at 28:7–31:19, Dkt. 38-1. This evidence, without more, in insufficient to support the conclusion that Mr. Wells was the Livingstons' agent. *See Knutsen v. Cloud*, 124 P.3d 1024, 1028 (Idaho 2005) ("[A]cting in concert is not the same as agency under Idaho law."). Accordingly, Mr. Wells is not the Livingstons' agent.

### B.     Restatement (Second) Torts § 427B

The Heits insist even in the absence of an agency relationship, the Livingstons may still be liable for trespass based upon Restatement (Second) Torts § 427B. This section provides that:

> One who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the land of another or the creation of a public or private nuisance is subject to liability for harm resulting to others from such trespass or nuisance.

*Id.* It appears Idaho has not accepted this exception to the general rule against liability of independent contractors. The Idaho Supreme Court has made clear that

**MEMORANDUM DECISION AND ORDER - 6**

"[t]he *Restatement* is not law unless it has been adopted by this Court." *Estate of Skvorak v. Security Union Title Ins. Co.*, 89 P.3d 856, 862 (Idaho 2004).

Even if the Idaho Supreme Court had adopted § 427B, it would not apply here because the trespass does not "necessarily follow from the work." Restatement (Second) Torts § 427B, cmt. b. Mr. Livingston confirmed at his deposition that "there's space to the north of Defendants' garage that construction workers can use to enter and exit the worksite without trespassing[.]" *Scott Livingston Dep.* at 38:11–22; 157: 5–21, Dkt. 38-1; *see also Shari Livingston Dep.* at 97:6–18, Dkt. 38-1 (confirming the same). This alternate access point to the construction site precludes any argument that the trespass would necessarily follow construction of the tram. Accordingly, the Livingstons' motion for summary judgment is granted.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Summary Judgment (Dkt. 36) is **GRANTED** with respect to the claim for trespass.



DATED: June 30, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7